| | |
|---|---|
| Philip A. Goldstein<br>MCGUIREWOODS LLP<br>1251 Avenue of the Americas, 20th Floor<br>New York, New York 10020<br>(212) 548-2167<br>pagoldstein@mcguirewoods.com | Blaec C. Croft<br>MCGUIREWOODS LLP<br>Tower Two-Sixty<br>260 Forbes Ave., Suite 1800<br>Pittsburgh, PA 15222<br>(412) 667-6057<br>bcroft@mcguirewoods.com |

*Counsel for Defendant Capital One, N.A.,*
*successor-by-merger to Capital One Bank (USA), N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHANE BERNARD,

   Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

   Defendant.

---

Case No. 1:24-cv-07291

(Removed from the Supreme Court of the State of New York, County of Kings, Index No. 515116/2024)

**NOTICE OF REMOVAL**

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant Capital One, N.A., successor-by-merger to Capital One Bank (USA), N.A. ("Capital One"), by and through its undersigned counsel, hereby removes the above-titled action from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York, on the grounds that this Court has original and removal jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Capital One avers as follows:

**I.  PLEADINGS AND FILINGS IN STATE COURT ACTION**

1. On May 31, 2024, Plaintiff Stephane Bernard ("Plaintiff") filed a Summons with Notice in the Supreme Court of the State of New York, County of Kings, captioned *Stephane Bernard v. Capital One Bank (USA), N.A.*, bearing Index No. 515116/2024 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons with Notice, along with copies of all process, pleadings, and orders received by Capital One in the State Court Action, are attached as **Exhibit A** (Summons with Notice).

**II.  TIMELINESS OF REMOVAL**

2. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b).

3. Capital One was served with the Summons with Notice on September 19, 2024.

4. This Notice of Removal is filed with this Court within thirty (30) days of the date of service of the Summons with Notice on Capital One.

5. A Complaint was filed in the State Court Action on September 30, 2024 and has not been served on Capital One to date. A copy of the Complaint is attached as **Exhibit B**.

6. Also attached as **Exhibit C** is a copy of the Affidavit of Service filed in the State Court Action. Capital One is informed and believes that the documents attached as **Exhibits A through C** constitute all of the process, pleadings, and orders on file in the State Court Action.

**III.  FEDERAL QUESTION JURISDICTION**

7. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331.

8. In his Summons with Notice, Plaintiff alleges Capital One violated 15 U.S.C. § 1681s-2(b), the Fair Credit Reporting Act ("FCRA"). **Ex. A** at 4. The Complaint confirms Plaintiff sets forth a single cause of action for an alleged violation of the FCRA against Capital One. **Ex. B** ¶¶ 46–49. The FCRA is a federal law, and Plaintiff seeks actual damages, including denial of credit applications, inflated price of credit, and emotional distress. **Ex. B** ¶¶ 35–44.

7. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Plaintiff's Complaint asserts claims based on alleged violations of a federal statute—the FCRA—meaning the claims "arise under" the laws of the United States. Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

9. Plaintiff also alleges that he was concretely harmed by Capital One's alleged violation(s) of the FCRA and, for purposes of removal, Plaintiff's allegations are accepted as true. *See Jamie H. Bassel, D.C., P.C. v. Aetna Health & Life Ins. Co.*, No. 20-CV-1134, 2021 WL 4205182, at *1 (E.D.N.Y. Mar. 18, 2021); *see also* **Ex. B** ¶¶ 35–44. Plaintiff seeks actual damages of $3,000,000 and statutory damages of $1,000 per violation. **Ex. A** at 5. Accepting Plaintiff's allegations as true solely for the purposes of removal, the impact of allegedly inaccurate reporting impacted his ability to obtain credit and a reduction in how his credit report would be viewed. *Id*. Thus, the face of the Complaint alleges what the Supreme Court has recognized as concrete injuries for Article III standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only

those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

10. Therefore, this action is one that can be removed to this Court by Capital One under 28 U.S.C. §§ 1331, 1367, 1441 and 1446 on the grounds that this Court has original jurisdiction over the claims arising under federal law.

### IV. VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

12. The United States District Court for the Eastern District of New York is the proper venue for this action because it is the federal district court that embraces the Supreme Court of the State of New York, County of Kings, the forum in which the original action was filed and is pending. *See* 28 U.S.C. §§ 112(c), 1441(a), and 1446(a).

### V. NOTICE

14. In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Capital One will file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings and will attach a copy of this Notice of Removal thereto. A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit D**.

### VI. MISCELLANEOUS

15. This action has not previously been removed to federal court.

16. Capital One has not filed any responsive pleading in the State Court Action.

17. By filing this Notice of Removal, Capital One does not waive any defenses either procedural or substantive, which may be available to it, and specifically reserves all defenses, exceptions, rights, and motions.

18. No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint.

19. This case is not precluded from being removed under 28 U.S.C. § 1445 because it: (a) is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. § 51–54, 55–60; (b) is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) does not arise under the workmen's compensation laws; and (d) does not arise under Section 40302 of the Violence Against Women Act of 1994.

20. Capital One expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

WHEREFORE, Capital One removes the State Court Action from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. Capital One requests that the Court assume exclusive jurisdiction of this action and enter such orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: New York, New York
October 17, 2024

Respectfully submitted,

**MCGUIREWOODS LLP**

By: */s/ Philip A. Goldstein*
Philip A. Goldstein
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2167
Fax: (212) 548-2150
Email: pagoldstein@mcguirewoods.com

>Blaec C. Croft
>Tower Two Sixty
>260 Forbes Ave., Suite 1800
>Pittsburgh, PA 15222
>Phone: (412) 667-6057
>Email: bcroft@mcguirewoods.com
>
>*Attorneys for Defendant Capital One, N.A., successor-by-merger to Capital One Bank (USA), N.A.*

196043192